IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**OLIN MATICE GASKINS,**

       Plaintiff,

v.                                        Case No. 2:19-cv-00472

**WOOD COUNTY;**
**MAGISTRATE JOE KUHL, Wood County Magistrate;**
**SGT. P. M. EDELEN, Parkersburg Narcotics**
**Task Force and SWAT team;**
**JOHN DOE #2, ATF agent;**
**JOHN DOE #3, DEA agent; and**
**UNITED STATES OF AMERICA,**

       Defendants.

### MEMORANDUM OPINION AND ORDER

Pending are Plaintiff's Motion to Compel Disclosure and Enlarge Time, (ECF No. 37), and for the Appointment of Counsel, (ECF No. 39). The Court **GRANTS**, in part, and **DENIES**, in part, the Motion to Compel and Enlarge and **DENIES** the Motion for Appointment of Counsel.

Plaintiff first asks the Court for an Order compelling Defendants Edelen and the United States to identify the ATF and DEA agents who questioned Plaintiff in January 2018. Although it is true that discovery has not yet begun in this case—thus making an order "compelling" a discovery response unavailable—the Court finds good reason to order Defendants to disclose the names of the two described, but unidentified defendants. Therefore, the motion is **GRANTED** in substance. Within **seven (7) days** of the date of this Order, the United States and Defendant Edelen shall file a disclosure with the Clerk

1

of Court, identifying John Does #2 and #3, and shall **separately** provide the Clerk of Court with addresses for service of process for these agents. The Clerk shall issue summonses for the agents, **with their addresses redacted on any record that will be available for public review**, and provide the summonses and copies of the amended complaint to the United States Marshals Service for service of process. The United States Marshals Service is **ORDERED** to serve the agents with process pursuant to Rule 4 of the Federal Rules of Civil Procedure.

Plaintiff next asks for an extension of time in which to respond to the dispositive motions filed by the defendants. That motion is granted, in part, and denied, in part. Plaintiff's request for an extension is **GRANTED**, but not for the length of time he seeks. Instead, it is hereby **ORDERED** that Plaintiff shall have through and including **June 18, 2021** in which to respond to *all* of the pending dispositive motions, (ECF Nos. 30, 33, 40, 46). Defendants shall have **fourteen (14) days** after service of Plaintiff's response(s) in which to reply.

Finally, Plaintiff seeks the appointment of counsel, (ECF No. 39). That motion is **DENIED**. Plaintiff has no constitutional right to counsel in a civil rights action, such as one brought under 42 U.S.C. § 1983. 28 U.S.C. § 1915(e)(1); *see also Hardwick v. Ault,* 517 F.2d 295, 298 (5th Cir. 1975). Although the Court has some discretion in assigning counsel, the United States Court of Appeals for the Fourth Circuit has clearly stated that motions for the appointment of counsel in civil actions should be granted "only in exceptional cases." *Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir. 1975). When determining whether a particular case rises to that level, the Court must consider the complexity of the claims in dispute and the ability of the indigent party to present them, as well as other factors like the merits of the case. *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir. 1984);

*see also Valcarcel v. ABM Indus./Diversico Indus.*, 383 F. Supp. 3d 562, 565 (M.D.N.C. 2019) ("In considering a request for appointment of counsel in its discretion, the court may consider a plaintiff's financial ability to retain counsel, the efforts of the plaintiff to retain counsel, the merits of the case, and whether the plaintiff is capable of representing himself.") (citations omitted).

      Here, Plaintiff argues that his case justifies the appointment of counsel, because he has been unable to find a lawyer to take his case and because he has limited knowledge of the law. Unfortunately, these circumstances are not exceptional given that many indigent civil litigants are unrepresented and/or incarcerated, and have little knowledge of the law. Therefore, without a particular showing of need, the inability to retain a lawyer is not a basis for the appointment of counsel. *Altevogt v. Kirwan*, No. CIV. WDQ-11-1061, 2012 WL 135283, at *3 (D. Md. Jan. 13, 2012) ("Altevogt's inability to retain counsel is not an exceptional circumstance.").

      Furthermore, while Plaintiff's incarceration undoubtedly makes it more difficult for him to pursue his lawsuit, as does his lack of immediate access to legal materials, these deficiencies do not, in and of themselves, satisfy the "exceptional" standard necessary to justify the appointment of counsel. *Louis v. Martinez,* Case No. 5:08-cv-151, 2010 WL 1484302, at *1 (N.D.W. Va. Apr. 12, 2010). The undersigned has examined the complaint, amended complaint, and various motions filed by Plaintiff, and these documents are well-written and clear. The facts underlying Plaintiff's claim are not complex, and he appears capable of presenting his claim at this stage of the litigation. Plaintiff's submissions to the Court will be construed liberally, as required. Should circumstances change in the future, the matter of the appointment of counsel can be reassessed. However, his motion must be denied at this time.

The Clerk is instructed to provide a copy of this Order to Plaintiff, counsel of record, and any unrepresented party.

**ENTERED:** April 30, 2021

Cheryl A. Eifert
United States Magistrate Judge