IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**OLIN MATICE GASKINS,**

    **Plaintiff,**

v.                                              Case No. 2:19-cv-00472

**SGT. P.M. EDELEN, Parkersburg Narcotics
Task Force and SWAT team,**

    **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Plaintiff Olin Matice Gaskins ("Gaskins") filed an Amended Complaint in this case on January 13, 2021 (hereinafter the "pending amended complaint"), asserting violations of his constitutional rights under 42 U.S.C. § 1983. (ECF No. 12). On October 5, 2021, this Court dismissed some of the claims and some of the defendants included in the pending amended complaint, leaving only claims against Defendant Sgt. P. M. Edelen. (ECF No. 79). Currently pending before the Court are three motions filed by Gaskins seeking to amend the pending amended complaint, including: Plaintiff's Motion to Amend the Complaint to Join Principal and Agent as Defendants in Alternative, (ECF No. 70); Plaintiff's Motion to Amend Complaint, (ECF No. 71); and Plaintiff's Motion to Amend Complaint to add claim of false imprisonment, (ECF No. 72). Defendant has filed a response in opposition to the Motions to Amend. (ECF No. 74).

This case is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and has been referred to the undersigned United States Magistrate Judge

1

for proposed findings of fact and recommendations for disposition. Having carefully reviewed the pending motions, the undersigned respectfully **RECOMMENDS**, for the following reasons, that the presiding District Judge **DENY** the Motions to Amend **with the exception** that Gaskins be granted leave to supplement the prayer for relief in his pending amended complaint to include the damages sought in ECF Nos. 71 and 72.

I. **Factual History**

On March 7, 2018, Gaskins was charged in a seven-count indictment in the Circuit Court of Wood County, West Virginia for drug offenses and illegal firearm possession. *West Virginia v. Gaskins*, Case No. 18-F-89 (2018); (ECF No. 12 at 31–34). The case was later dismissed by the state court upon the request of the Assistant Prosecuting Attorney after Gaskins was charged in federal court for similar offenses. (*Id.* at 42). The federal criminal complaint against Gaskins, which alleged a drug offense, *United States v. Gaskins*, Case No. 2:18-mj-00043 (June 28, 2019), was also later dismissed. (*Id.* at 54, 58). Gaskins is currently incarcerated at Mount Olive Correctional Complex serving a life sentence imposed in May 2018 by the Circuit Court of Jefferson County, West Virginia for illegal firearm possession stemming from a traffic stop unrelated to any of the factual allegations in the pending amended complaint. *See State v. Gaskins*, No. 18-0575, 2020 WL 3469894 (W. Va. June 25, 2020), *cert. denied sub nom. Gaskins v. W. Virginia*, No. 20-7505, 2021 WL 1602710 (U.S. Apr. 26, 2021).

II. **Motions to Amend**

As stated, Gaskins has three outstanding motions to amend the pending amended complaint, all of which were filed by the Clerk on the same day. (ECF Nos. 70, 71, 72). There is no logical reason for Gaskins to have filed three piecemeal motions with three slightly different versions of the same complaint, and it is impossible for the undersigned

to determine which version Gaskins proposes as his Second Amended Complaint. Nonetheless, as all three versions of the proposed second amended complaint are futile, the Court need not select one to supersede the pending amended complaint.

In the first Motion to Amend, specifically to join principal and agent as defendants, (ECF No. 70), Gaskins seeks to add three new defendants: the City of Parkersburg, the Parkersburg Police Department, and Police Chief Joseph Martin (the "proposed defendants"). Gaskins contends that the proposed defendants should be added under the theory of "Supervisory Liability." (*Id.* at 2). Gaskins does not include any factual allegations pertinent to the proposed defendants, except to say that SWAT officers broke down the front door of his apartment, arrested Gaskins and his girlfriend, and took them into custody. He does not identify any of the SWAT officers by name other than Defendant Edelen.[1] He also makes the factually unsupported and conclusory statement that he "was held illegally under direct order of the City of Parkersburg, the Parkersburg Police Department, Police Chief Joseph Martin, and Sgt. Edelen." (ECF No. 70 at 2).

In the next Motion to Amend, (ECF No. 71), Gaskins seeks to add the proposed defendants and to modify his prayer for relief. In the pending amended complaint, Gaskins asks for exemplary damages; reimbursement for items damaged or lost as a result of the illegal search and seizure; attorneys fees and costs; and any other relief that the Court deems just. (ECF No. 12 at 6). In the proposed second amended complaint, (ECF No. 71), Gaskins asserts all of the same factual allegations and causes of action set forth in the pending amended complaint, but asks the Court to award him "Exemplary or Punitive Damages" in the amount of $2,000,000; "Compensatory or Actual Damages" of

---

[1] Gaskins often incorrectly refers to Edelen as Edelson.

$1,500 per day for his wrongful incarceration; "Hedonic Damages" in the amount of $3,000,000; and "General and Foreseeable Damages" as made be determined by a jury or the Court. (ECF No. 71 at 6).

In the third Motion to Amend, centering on Gaskins's false imprisonment claim, (ECF No. 72), he restates most of the factual allegations contained in his other versions of the pending amended complaint. He again asserts that the three proposed defendants—the City of Parkersburg, the Parkersburg Police Department, and Chief Joseph Martin—should be held liable in their supervisory roles. (*Id.* at 3-4). He also modifies his prayer for relief.

In response to these Motions to Amend, Defendant argues that the motions should be denied, because Gaskins fails to include any factual allegations in the proposed amended complaints that support the joinder of new defendants. (ECF No. 74 at 4-7). Defendant points out that Section 1983 does not permit claims based on *respondeat superior*, and Gaskins has not identified any policy or custom of the City of Parkersburg or the Parkersburg Police Department that could potentially trigger municipal liability. Defendant further contends that Gaskins should not be permitted to add a claim of false imprisonment as such a claim is futile. Edelen asserts that the statute of limitations on a false imprisonment claim expired on January 4, 2019, well before Gaskins filed his complaint. (*Id.* at 7-8). The original complaint was not served until June 12, 2019. (ECF No. 2). Gaskins did not file a reply to Defendant's response.

### III. <u>Standard of Review</u>

Amendments to the complaint are governed by Federal Rule of Civil Procedure 15. Rule 15(a)(1) addresses amendments as a matter of course, allowing the plaintiff to amend the complaint within twenty-one days after serving it on the defendant, or within twenty-

4

one days after a responsive pleading or motion to dismiss is filed under Rule 12(b),(e), or (f), whichever is earlier. F. R. Civ. P. 15(a)(1). In all other cases—such as the instant case— the plaintiff may only amend the complaint with the opposing party's written consent, or with leave of court. Fed. R. Civ. P. 15(a)(2). Here, the opposing party does not consent; therefore, an amendment to the complaint requires leave of court. Rule 15(a)(2) provides guidance to the court when considering a motion for leave to amend the complaint. Rule 15(a)(2) directs that the court should "freely give leave" to file an amended complaint "when justice so requires." *See also Laber v. Harvey,* 438 F.3d 404, 426 (4th Cir. 2006) ("This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities.").

Generally, leave to amend should be denied "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). An amendment is futile "if the proposed amended complaint fails to satisfy the requirements of the federal rules." *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (quoting *United States ex rel. Fowler v. Caremark RX, LLC,* 496 F.3d 730, 740 (7th Cir. 2007) *overruled on other grounds by Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907 (7th Cir. 2009)). "In determining whether a proposed amendment is futile, a court may consider whether the proposed amendment could withstand a motion to dismiss." *Middlebrooks v. St. Coletta of Greater Wash., Inc.*, No. 1:10CV653, 2010 WL 3522084, at *2 (E.D. Va. Sept. 1, 2010) (citing *Perkins v. United States,* 55. F .3d 910, 917 (4th Cir. 1995)) (affirming denial of plaintiff's motion for leave to amend her complaint as futile because "the proposed amendments could not withstand a motion to dismiss."); *also Johnson,* 785 F.2d at 510 (holding that a motion for leave to

amend should be denied "when the proposed amendment is clearly insufficient or frivolous on its face.") (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980); *Jones v. N.Y. Div. of Military & Naval Affairs,* 166 F.3d 45, 55 (2d Cir. 1999) (finding that amendments subject to "immediate dismissal" for failure to state a claim are "futile" and should not be allowed).

## IV.   Discussion

Notwithstanding the liberal standard used to consider motions to amend, the undersigned **FINDS** that the Motions to Amend should be **DENIED**, with the exception that Gaskins should be permitted to amend his prayer for relief as requested.

With respect to the first Motion to Amend, the undersigned agrees with Defendant that Gaskins has failed to provide any factual support upon which to join the proposed defendants. Gaskins's claim against Police Chief Joseph Martin is based entirely upon his role as Edelen's supervisor. As Gaskins was previously advised, the law "is well established that the doctrine of respondeat superior does not apply in § 1983 claims." *Hurt v. Corr. Ofc. Rounds*, No. CV DKC-15-596, 2016 WL 1059359, at *8 (D. Md. Mar. 17, 2016) (citing *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004)). (ECF No. 65). In other words, "§ 1983 does not permit a state official to be held liable solely because one of his or her employees committed a tort." *Oliver v. Powell*, 250 F. Supp. 2d 593, 598 (E.D. Va. 2002) (citing *Monell v. Dept. of Soc. Servs. of the City of New York,* 436 U.S. 658, 691 (1978)). Nevertheless, a supervisor may be held liable under § 1983 in certain circumstances.

First, "liability will lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." *Johnson v. Potomac Highlands Regional Jail,* Case No. 5:06CV1, 2007 WL 1258879, at *2 (N.D.W. Va. Apr. 30, 2007) (citing *Vinnedge v. Gibbs,* 550 F.2d 926, 928 (4th Cir. 1997)). Second, "when a supervisor

6

is not personally involved in the alleged wrongdoing, he may be liable under § 1983 if a subordinate acts pursuant to an official policy or custom for which he is responsible." *Id.* (citing *Fisher v. Washington Metropolitan Area Transit Authority,* 690 F.2d 1113 (4th Cir. 1982)). Third, "a supervisor may be liable under § 1983 if the following elements are established: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,' and (3) there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Id.* (citing *Shaw v. Stroud,* 13 F.3d 791, 799 (4th Cir.1994)). A plaintiff "cannot satisfy this burden of proof by pointing to a *single incident or isolated incidents ....*" *Oliver*, 250 F. Supp. 2d at 599. Rather, "supervisory liability may only be imposed where 'there is a history of widespread abuse.'" *Id.* (quoting *Wellington V. Daniels,* 717 F.2d 932, 936 (4th Cir. 1980)). Therefore, while Gaskins cannot attempt to hold a supervisor liable solely due to his managerial role, Gaskins may prosecute a supervisory liability claim if the factual basis for such a claim is contained in the complaint.

Here, Gaskins discusses what members of the Parkersburg SWAT team did in relation to the search of his apartment. He also describes being arrested, interrogated, and jailed. However, he includes no factual statements indicating that Chief Martin played any role in the events. Furthermore, Gaskins cites to no official policy or custom underlying the search and his arrest, which was unconstitutional and for which Chief Martin was responsible. Similarly, Gaskins does not allege that Martin's subordinates engaged in a pattern of behavior giving rise to a pervasive and unreasonable risk of

constitutional injury of which Chief Martin had actual or constructive knowledge. Consequently, Gaskins's proposed amended complaint against Police Chief Joseph Martin cannot withstand a motion to dismiss, rendering it futile.

The failure of Gaskins to state supporting factual allegations also renders futile his proposed joinder of the City of Parkersburg and the Parkersburg Police Department, as the claims are subject to immediate dismissal. As explained in the undersigned's prior Proposed Findings and Recommendations, (ECF No. 65 at 14-15), while a municipality may be liable under § 1983 when a policymaker officially promulgates or sanctions an unconstitutional law, or where the municipality is deliberately indifferent to the development of an unconstitutional custom or policy, the plaintiff must expressly identify the suspect law, custom, or policy in his complaint. *See Bd. of County Commission of Bryan County v. Brown,* 520 U.S. 397, 411 (1997) ("A plaintiff must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision."); *City of St. Louis v. Praprotnik,* 485 U.S. 112, 123 (1988) ("[M]unicipalities may be held liable under § 1983 only for acts for which the municipality itself is actually responsible, that is, acts which the municipality has officially sanctioned or ordered.") (internal quotations omitted); *Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir. 1999) (municipal liability results when the execution of an unconstitutional governmental policy or custom inflicts injury); *Jordan by Jordan v. Jackson,* 15 F.3d 333, 338 (4th Cir. 1994) ("Section 1983 plaintiffs seeking to impose liability on a municipality must, therefore, adequately plead and prove the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights.").

In his proposed second amended complaint, Gaskins fails to cite to any policy or custom of the City of Parkersburg, or its Police Department, that is unconstitutional. To the contrary, Gaskins indicates that Defendant Edelen made false representations to a county magistrate to obtain a search warrant, and then Edelen used this fraudulent search warrant to lead members of the Parkersburg Police Department in an unconstitutional search and seizure at Gaskins's residence. (ECF No. 12 at 2). Gaskins does not point to any other officer as having knowledge that the search warrant was improperly obtained. He states that he was later charged in an indictment for possession with intent to deliver a controlled substance based upon Edelen's false statements regarding controlled buys of drugs purportedly made from Gaskins. (*Id.* at 3). Finally, Gaskins alleges that Edelen provided false information to a federal judge in order to obtain federal criminal charges against Gaskins. (*Id.* at 4). As such, what Gaskins describes is alleged bad behavior by one specific police officer. Nowhere in the proposed amendment, or the amended complaint, does Gaskins make any allegation triggering the potential liability of the City or the City's Police Department.

In regard to his second Motion to Amend, (ECF No. 71), Gaskins adds no new facts and no new causes of action. Indeed, he simply restates all of the allegations in the pending amended complaint, (ECF No. 12), with the only changes being to join the proposed defendants and increase the prayer for relief. However, as discussed above, Gaskins fails to provide sufficient factual allegations in the tendered second amended complaint to state a plausible claim against the proposed defendants. Therefore, his second amended complaint against the proposed defendants is futile. As the allegations against Defendant Edelen in the proposed second amended complaint are exactly the same as those asserted in the pending amended complaint, (ECF No. 79), the proposed

amended complaint is duplicative and unnecessary, with the exception that Gaskins should be permitted to amend his prayer for relief.

Once again, the third Motion to Amend seeks to add the proposed defendants and amend the prayer for relief. Gaskins initially suggests that Edelen and the proposed defendants jointly falsified information to obtain the allegedly illegal search warrant; however, later in the proposed second amended complaint, Gaskins clarifies that Edelen was the one who falsified information and the proposed defendants are liable in their supervisory roles. This second amended complaint is equally lacking, however, in factual support for the claims against the proposed defendants. Therefore, the second amended complaint cannot withstand a motion to dismiss, rendering it futile. As to the allegations against Edelen, they are duplicative of the pending amended complaint. In the pending amended complaint, Gaskins explicitly states that his complaint is based on an unreasonable search and seizure of his residence and "the false imprisonment of plaintiff by the above named defendants," and he requests damages for those violations. (ECF No. 12 at 1, 6). In the body of the pending amended complaint, Gaskins provides factual allegations to support his false imprisonment claim. Therefore, he does not need to file a second amended complaint to assert a cause of action that already exists. This proposed second amended complaint offers no new cause of action and no new, material facts related to the underlying claim of false imprisonment against Defendant Edelen. Accordingly, the proposed second amended complaint is superfluous. Gaskins does again increase his prayer for relief, and to that extent only, a discrete amendment should be permitted.

Of note, Defendant raises a statute of limitations argument in support of his contention that the proposed amended complaint asserting false imprisonment is futile.

However, the issue of the statute of limitations is more properly raised in a motion for summary judgment; particularly, as a claim for false imprisonment has already been asserted by Plaintiff in his pending amended complaint. (ECF No. 12).

## V. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding District Judge accept and adopt the findings made herein and respectfully **RECOMMENDS** that the Motions to Amend, (ECF Nos. 70, 71, 72), be **DENIED**, **with the exception** that Gaskins be granted leave to supplement the prayer for relief in his pending amended complaint to include the damages sought in ECF Nos. 71 and 72.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing

parties, Judge Copenhaver and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff, counsel of record, and any unrepresented party.

**FILED:** November 10, 2021

Cheryl A. Eifert
United States Magistrate Judge